UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, DEPUTY LOWE.<br><br>　　　　Defendants. | Case No. 1:21-cv-00295-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Artem Andrianumearisata's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Andrianumearisata's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Andrianumearisata's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court DENIES Andrianumearisata's Application to Proceed In Forma Pauperis WITHOUT PREJUDICE and will allow him to

file another Application that complies with the Court's order below. Additionally, having reviewed the Complaint, the Court finds it does not state a plausible claim for relief and must DISMISS the entire case with leave to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed the application provided by Andrianumearisata in this case and finds that it does not state with "some particularity, definiteness and certainty" facts supporting his poverty. *See* Dkt. 1. Andrianumearisata filed a single paragraph document requesting he be allowed to proceed without payment. *Id*. He included a screenshot of what appears to be two bank cards and the available monetary balance of those accounts. *Id*. at 2. Glaringly absent, however, is any information regarding Andrianumearisata's income, debts, liabilities, assets, and expenses. Without this information, the Court is unable to

properly determine whether Andrianumearisata should be allowed to proceed in forma pauperis.

Accordingly, the application is DENIED. Nevertheless, the Court GRANTS Andrianumearisata leave to file another Application to add additional details that would permit the Court to make a more reasoned decision. Andrianumearisata should utilize the Court's standard form if he elects to renew his request.[1]

As will be explained in the next section, however, the Court must also dismiss this case due to Andrianumearisata's failure to allege a valid cause of action. Here too, however, the Court will grant Andrianumearisata an opportunity to amend his Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447

---

[1] The Court's standard form can be found here:
https://id.uscourts.gov/Content_Fetcher/index.cfml/In_Forma_Pauperis_Application_Non_Prisoner_1032.pdf?Content_ID=1032

(9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Andrianumearisata's brief Complaint outlines his experience trying to submit a report to the Twin Falls Sheriff's Office and one officer's refusal to accept his report. Dkt. 2. Andrianumearisata's suggested "resolution" of this case is the assertion that "Under the 14th Amendment to the Constitution of the United States, and under Article VII of the United States Constitution, I request the court to cause, the sheriff's office to receive the report in a proper process, specifically: to sign the report, with the full name and title of an official signing it." *Id.*

At present, none of the allegations in Andrianumearisata's Complaint rise to the level of legal claims with available remedies.[2] Andrianumearisata has not alleged coherent facts to support any claim for relief, and his Complaint must be dismissed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Andrianumearisata *may* be able to state a claim upon which relief can be

---

[2] For example, Article VII of the United States Constitution deals with state ratification of the Constitution; a matter wholly unrelated to anything at issue in this case. Furthermore, the fact that a police officer declined to accept a report submitted by a citizen does not appear to be a violation of any law, statute, or regulation. Andrianumearisata confusingly points to the Fourteenth Amendment, but again—that appears to have no bearing on the issues at hand.

INITIAL REVIEW ORDER – 4

granted, the Court will allow him an opportunity to amend to remedy the following deficiencies.

First, Andrianumearisata must state a specific plausible legal claim and the theory upon which that claim rests. Second, Andrianumearisata must detail the entire factual background giving rise to his claim. Allegations unsupported by fact will not be accepted. Finally, due to the lack of details in Andrianumearisata's Complaint, the Court is also unsure whether it has jurisdiction over this dispute in the first place. Federal courts are courts of limited jurisdiction. Andrianumearisata must explain how this court has jurisdiction to hear this specific claim.

## IV. ORDER

1. Andrianumearisata's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is DENIED WITHOUT PREJUDICE. The Court GRANTS Andrianumearisata leave to file an updated Application to add relevant details. Any such Application must be filed within 30 days of the issuance of this order.

2. Andrianumearisata's Complaint is deficient as it fails to state any claims upon which relief can be granted. The Complaint is, therefore, DISMISSED WITHOUT PREJUDICE. The Court GRANTS Andrianumearisata leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Andrianumearisata must file his Amended Complaint within 30 days of the issuance of this Order.

3. Failure to file an updated In Forma Pauperis Application or an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: December 1, 2021

David C. Nye
Chief U.S. District Court Judge