UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA,<br><br>Plaintiff,<br><br>v.<br><br>TWIN FALLS COUNTY SHERIFF'S OFFICE, DEPUTY LOWE.<br><br>Defendant. | Case No. 1:21-cv-00295-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION

On December 1, 2021, the Court issued an Initial Review Order (Dkt. 3) of Plaintiff Artem Andrianumearisata's Complaint (Dkt. 2) and Application to Proceed in Forma Pauperis (Dkt. 1). The Court dismissed Andrianumearisata's Application to Proceed in Forma Pauperis without prejudice because it lacked any detail but granted him thirty days to file another application in substantial compliance. Dkt. 3, at 3. The Court also reviewed and dismissed Andrianumearisata's Complaint without prejudice for failure to state a claim. *Id.* Again, the Court granted Andrianumearisata leave to amend his Complaint in order to remedy the Court's concerns. *Id.* at 5.

After the Court's Initial Review Order, Andrianumearisata filed a variety of documents. Some are related to his in forma pauperis status—Dkts. 4, 6-1, and 7. Others have to do with his claim—Dkts. 5 and 6. Still others—titled "supportive discovery"—appear to be copies of underlying documents Andrianumearisata sent to the Twin Falls

ORDER – 1

County Sheriff's Office and *may* be the impetus for this lawsuit. Dkts. 8, 9, and 10. Finally, Andrianumearisata sent two letters to the Court requesting copies of "judgments" entered in this case. Dkts. 11–12.[1]

The Court has reviewed all of Andrianumearisata's recent submissions. For the reasons explained below, the Court must now DISMISS this case WITH PREJUDICE.

## II. DISCUSSION

Since June 2021, Andrianumearisata has filed seven lawsuits in this Court.[2] His filings in those lawsuits are difficult to understand. Courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

In reviewing the instant case, and Andrianumearisata's other cases, this Court has worked diligently to decipher his filings and give him the benefit of any doubt, and it will continue to do so. However, Andrianumearisata must understand that it is his responsibility to bring meritorious claims, explain those claims coherently, and support the claims with facts. If he fails to do so, the Court must dismiss his claims.

In the present case, the Court determined in its Initial Review Order that none of the allegations in Andrianumearisata's Complaint rose to the level of legal claims with

---

[1] Of note, the Court has not yet entered Judgment in this case.

[2] 1:21-cv-00257-DCN; 1:21-cv-00295-DCN (the instant case); 1:21-cv-00426-DCN; 1:21-cv-00429-BLW; 1:21-cv-00443-BLW; 1:21-cv-00451-BLW; 1:21-cv-00512-DCN. He also filed a lawsuit in December 2020; that case number is 1:20-cv-00547-DCN.

available remedies.

Invoking Article VII of the Constitution—which the Court explained was inapplicable—Andrianumearisata alleged that he had tried to submit some type of complaint or report to the Twin Falls Sheriff's Office and that an officer refused to accept his report. Dkt. 2. The Court explained that "none of the allegations in Andrianumearisata's Complaint rise to the level of legal claims with available remedies." Dkt. 3, at 4. The Court then outlined the things Andrianumearisata needed to fix in order for his Complaint to proceed.

Andrianumearisata has provided the Court with additional information about his disagreements with the Twin Falls Sheriff's Office, but he has not explained how those disagreements constitute a federal cause of action. He has not addressed the Court's concerns about Article VII, jurisdiction, or provided sufficient facts upon which the Court could make a reasoned determination.

For these reasons, the Court must dismiss the case. Furthermore, the Court finds that allowing amendment a second time would be futile. Therefore, the case is DISMISSED WITH PREJUDICE.

Finally, as noted, Andrianumearisata did file various documents in support of his Application to Proceed in Forma Pauperis. While he did not use the Court's standard application form, he provided the Court with more details about his financial circumstances. That said, because the Court is not allowing this case to go forward as a result of the insufficiency of the Complaint, the issue of the filing fee is moot.

ORDER – 3

## III. CONCLUSION

In summary, this case cannot go forward because Andrianumearisata has failed to state a plausible claim for relief.

## IV. ORDER

The Court HEREBY ORDERS:

1. Andrianumearisata's Complaint (Dkt. 2) is DISMISSED WITH PREJUDICE.

2. Andrianumearisata Motion to Originate a Fee Compensation is deemed MOOT.

3. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: August 4, 2022

David C. Nye
Chief U.S. District Court Judge

ORDER – 4